

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Paul T. Holt
County Attorney
Austin, Texas

Dear Sir:

Opinion O-1259
Re: Whether property of Austin
Knights of Columbus Home As-
sociation is exempt from taxa-
tion.

We received your letter of May 29, 1939, request-
ing our opinion as to whether or not the property owned and
occupied by the Austin Knights of Columbus Home Association
is exempt from taxation. On July 25, 1939, you gave us the
following facts as constituting the activities of the asso-
ciation:

"No. 1: Each member pays as social dues
One and 25/100 ($1.25) Dollars per month.

"No. 2: The members who have Fraternal
Insurance are assessed according to their
age.

"No. 3: The Austin Knights of Columbus
Home Association contribute annually to
the Mexican School, Seton's Baby Home,
and Seton Infirmary, all being located
in Austin, Texas.

"No. 4: The property in question is used
by its members for their regular meetings,
and the property has a Club Room and Bowling
Alley for its members.

"No. 5: As I have stated before part of
this building in question is rented to a
Dancing School, and the members of this

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Association state that they will discontinue
receiving any outside income if the property
is declared exempt."

In connection with your letter of May 29th you sub-
mitted to us your brief containing the further statement that
the corporation has no capital stock and is not operated for
profit, declares no dividends and its only source of revenue
is dues paid by its members. You further advised that the
association does some charitable work. It is conceded that
the renting of a part of the building to a dancing school
would be sufficient to destroy any exemption which might
otherwise exist and that the association will discontinue
such renting in the event that is the only obstacle to the
claiming of the exemption from taxation.

Article 8, Section 2, of the State Constitution pro-
vides that:

"The legislature may by general laws
exempt from taxation . . . institutions of
purely public charity; . . . and all laws
exempting property from taxation other than
the above mentioned shall be null and void."

Section 7 of Article 7150, Revised Civil Statutes
was enacted in pursuance to the above constitutional provision
and the first sentence thereof reads as follows:

"7. Public charities - All buildings
belonging to institutions of purely public
charity, together with the lands belonging
to and occupied by such institutions not
leased or otherwise used with a view to
profit, unless such rents and profits and
all moneys and credits are appropriated
by such institutions solely to sustain such
institutions and for the benefit of the sick
and disabled members and their families and
the burial of the same, or for the mainte-
nance of persons when unable to provide for
themselves, whether such persons are members
of such institutions or not."

Honorable Paul T. Holt, Page 3

Exemptions from taxation are not favored and in order for a person to receive the benefits of such exemption the burden is upon him to show that his property clearly comes within the same. B. P. O. E. Lodge No. 151 v. City of Houston, 44 S. W. (2) 488; Santa Rosa Infirmary v. City of San Antonio, 259 S. W. 926. The facts submitted to us are not sufficient to show that this property is entitled to exemption from ad valorem taxation. Our courts have held that the word "purely" as used in Article 8, Section 2, of the Constitution is intended to modify the word "charity" and not the word "public". Therefore, for an institution to be one of purely public charity it must be one whose property is used wholly and exclusively for charitable purposes. B. P. O. E. Lodge No. 151 v. City of Houston, supra; City of Houston v. Scottish Rite Benevolent Association, 230 S. W. 978. As stated in Santa Rosa Infirmary v. City of San Antonio, 259 S. W. 926, by the Commission of Appeals, Section 2 of Article 8 of the Constitution expresaly makes null and void all exemptions attempted thereunder by the legislature unless authorized by the constitutional provision itself. From the opinion of the Court of Civil Appeals in the case of B. P. O. E. Lodge No. 151 v. City of Houston, supra, we quote as follows:

"From a careful consideration of the record, we have concluded that appellant is not, within the intent of the law, an institution of purely public charity because:

"(a) It appears to us that the object to be attained by it is not wholly altruistic, but that the prime object of the organization is social. It is a secret fraternal organization with a secret ritual. Its members are carefully selected, and the favors and pleasures of the lodge are confined to its membership, so much so that outside visitors may not even, by invitation of a member, participate in the many social activities there carried on. Its pool and billiard tables, card tables, domino tables, checker tables, barbershop, restaurant, cold drink stand, gymnasium, natatorium, electric baths, bowling alleys, and other features, are for the pleasure

Honorable Paul T. Holt, Page 4

and convenience of its members only. The use of these means of social contacts are open to the membership from twelve noon to twelve midnight seven days in the week. And it further appears that many social dances -- not charity dances, but dances for the entertainment and pleasure of the membership of the Lodge and the lady members of their families -- are had in the building each year. Exalted Ruler O'Bryan testified: 'We go in for a great deal of social activity, or enough to keep the members interested.'

"If these social features were absent, we question whether the order would carry on. We think that the record reflects that the gain in social pleasures and contacts provided for, growing out of and practiced by the organization, form the chief consideration for its existence. 'A building used as the headquarters of a lodge or a fraternal order of a charitable character is not exempt if one of the dominant uses of the building is for the social enjoyment of the membership, since such a building, in its legal aspect, is no different from the clubhouse of an ordinary social club.' 26 R. C. L. 319. The many admirable acts of charity done by the organization are to be commended, but do they constitute the only, or the whole, purpose of the institution? Is not the charity feature but an incident to the whole?"

We also direct attention to the cases of City of Houston v. Scottish Rite Benevolent Association, 230 S. W. 978, by the Supreme Court and Masonic Temple Association v. Amarillo Independent School District, 14 S. W. (2) 128, wherein exemption from taxation was denied to buildings owned and occupied by Masonic organizations. The facts submitted to us do not show that the property owned by the Austin Knights of Columbus Home Association is exempted

Honorable Paul T. Holt, Page 5

from taxation and our answer to your question, therefore, is in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*

Glenn R. Lewis
Assistant

GRL:FL

APPROVED AUG 18, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN